590 S.W.2d 2 (1979)
In re AMENDMENTS TO the CODE OF PROFESSIONAL RESPONSIBILITY AND CANONS OF JUDICIAL ETHICS.
No. 77-330.
Supreme Court of Arkansas.
November 26, 1979.
W. Russell Meeks, III, Little Rock, M. J. Starling, Jr., Pine Bluff, for appellant.
GEORGE ROSE SMITH, Justice.
The Arkansas Bar Association, by its Committee on Specialization and Advertising, has filed a petition asking this court to adopt its "Arkansas Designation Plan," approved by the Association's House of Delegates, by which lawyers would be authorized to hold themselves out to the public as certified specialists in various areas of the practice of law. At the court's invitation, responses to the petition have been filed by interested persons or groups, with supporting briefs. We are unable to approve the plan, because we are not convinced either that the time has yet come for the adoption of such a plan or that the particular plan being proposed is an altogether desirable one.
Less than 18 months ago, on July 17, 1978, this court adopted certain recommended amendments to the Code of Professional Responsibility and Canons of Judicial Ethics, those amendments having to do with advertising by lawyers. The Code, as so amended, broadly permits lawyers to publish, among other things, information concerning "one or more fields of law in which the lawyer or firm practices." Ethical Consideration 2-8. The Code also provides for the possibility that a plan for the certification of specialists may be adopted in the future and gives notice that, in that case, a lawyer must be careful not to confuse the public about his status as a specialist. Ethical Consideration 2-14. The possible certification of specialists is also envisaged by Disciplinary Rule 2-105, as amended:

*3 (A) A lawyer shall not hold himself out publicly as a specialist or as limiting his practice, except as follows:
(1) [Provision is made for an exception for registered patent attorneys.]
(2) A lawyer who is certified as a specialist in a particular field of law or law practice by the Supreme Court of Arkansas or its designee may hold himself out as such, but only in accordance with the rules prescribed by that authority.
The present proposal was drafted to put into effect Disciplinary Rule 2-105(A)(2), just quoted.
The proposed plan provides for this court to appoint a Specialization Committee of nine lawyers, whose expenses would be paid by fees imposed upon attorneys applying for certification. The Committee would be empowered to approve areas of specialization in addition to the seven areas enumerated in the plan: Corporation and Business Law, Criminal Law, Estate Planning and Probate, Divorce and Family Law, General Practice, Taxation, and Trial Practice. (We have some difficulty in understanding how a lawyer can be a specialist in General Practice, but that is a minor detail.)
Any lawyer having four years of actual practice or its equivalent may from time to time apply to the Specialization Committee for designation as a specialist in not more than a total of three approved areas of specialization. The applicant must certify that during the preceding three years he has spent at least 25% of his practice time in each area that he specifies. The applicant agrees to devote 10 hours a year to continuing legal education in each field of specialization. Each application must be accompanied by a certificate of reference by another attorney, attesting that attorney's belief that the applicant has had substantial experience in the particular area of practice.
The Specialization Committee, without further investigation or testing, certifies the applicant as a specialist in the area or areas selected. A certification is effective for three years and may be renewed for similar periods. A lawyer who is already certified in the maximum of three areas may later substitute one or more different areas of specialization, but the effective date of a change must be not earlier than 30 days before the next publication date of the yellow pages in the local telephone directory. After certification a lawyer may hold himself out as a specialist by listing the areas of practice on his letterheads, business cards, and office door, in the yellow pages, in approved law lists, and by other means (presumably media advertising) approved by the Committee.
Our misgivings about the plan are twofold. First, we are not at all sure, in view of the bar's limited experience with advertising, that the interest of the public actually calls for such a plan to assist the average citizen in the selection of a lawyerthe avowed purpose of the plan. For the better part of the past century lawyers have not been permitted to advertise. People have usually chosen an attorney on the recommendation of relatives, acquaintances, or business associates, or, lacking such a recommendation, for any number of reasons. We have had less than two years of experience with advertising by lawyers. So far very few lawyers have chosen to advertise. Thus neither the bar nor the court is yet in a position to know whether the certification of specialists is really needed as a supplement to other forms of advertising.
Experience in other states can be expected to be helpful. We are told in the briefs that California and Texas have programs that involve actual testing, peer review, minimum proficiency standards, and other elements that are said to be too elaborate and costly for a state like Arkansas. By contrast, Florida has a self-designation plan similar to the one now before us. Until experience here and elsewhere indicates a positive need for a specialist program, we think it wise to defer action. In doing so we should state our disagreement with the argument made in one of the briefs, that we cannot prohibit all claims of specialization without simultaneously providing a system for the approval of specialties. The *4 Code of Professional Responsibility, as amended in 1978, already permits lawyers to publish information about the areas in which they practice, with a corresponding implication of expertise. We are not convinced that the guaranty of free speech requires that the range of permissible advertising by lawyers be further expanded immediately.
Secondly, the Bar Association submits its Designation Plan not so much as a means of enabling lawyers to advertise a specialty in their own self-interest but rather as a disinterested effort to assist people who need a lawyer. We are afraid, however, that the plan would actually have a tendency to mislead the public in some instances. That is, a lawyer's advertising could give a positive impression that he had been found to be a specialist in the best judgment of the Supreme Court of Arkansas, when in fact there might be scant basis for any such assumption.
We note that a substantial part of the plan is directed toward obtaining approval of the listing of lawyers, as specialists, in the yellow pages. Under the plan, changes in specialties must be timed to coincide with the publication of the telephone book. An exhibit to the Association's petition shows exactly how a lawyer is to be shown in the yellow pages as a specialist.
We do not see how much listings can fail to be misunderstood by the public. The only comparison that immediately comes to mindand it is a misleading oneis the yellow-pages listing of physicians and surgeons. It is a matter of common knowledge that doctors who limit their practice to a particular field are specialists in a narrow and true sense of the word. A physician, to qualify as a specialist, not only must graduate from a medical school, as every lawyer must now graduate from a law school, but also must serve an internship or residency in his chosen specialty for one to five years. See, for example, "Medical Education" in the Encyclopaedia Britannica (1965). A doctor intending to specialize must also pass written examinations in his field. After that, he limits his practice to his specialty. To qualify himself in a second field he would have to start all over again, with another internship or residency. Owing to this true specialization it is commonplace for one person to have several doctors. Consequently there is a definite need for the identification of physicians by means of their specialties. No similar need exists with regard to lawyers, except in rare instances such as patent attorneys.
It is inevitable that the public, with its familiarity with specialists in the medical profession, would assume the existence of a like degree of specialization in the legal profession. That assumption, of course, would be mistaken. A physician who is, say, a dermatologist or an obstetrician does not feel free to perform an appendectomy or to prescribe eyeglasses. But under the Designation Plan a lawyer can be certified as a specialist and yet be free to accept any case of any kind that is offered to him by anyone. The point is, the legal profession and the medical profession are so fundamentally different with respect to specialization that it is necessarily misleading to treat them alike.
Moreover, the limited practical experience required by the plana fourth of a lawyer's time for three yearsdoes not make a specialist in the one sense that is here important, the worth of that term as an aid to the public. A law school graduate of mediocre talents could, by working in the domestic relations section of a large law firm for a few years, qualify and advertise himself as a specialist in Divorce and Family Law. But a mature lawyer with forty years' experience, whose advice and counseling might be infinitely more valuable to a client, would be unable to qualify as such a specialist if his field of practice for three successive years had not been sufficiently narrow. Hence a side effect of the plan would be to favor the large firm over the individual practitioner or small firma preference that may or may not be in the public interest.
The hard truth is, as the Bar Association's own brief points out, a state like Arkansas has only a small number of true *5 specialists among lawyers. This proposal, however, is not designed to distinguish those rare experts from the general run of practicing lawyers. Quite the contrary, the plan is to make almost every lawyer a specialist in one or more fields, for the purpose of advertising in the yellow pages and elsewhere with the endorsement of the Supreme Court. We are not convinced that the adoption of the Designation Plan is now in the public interest.
For the reasons stated, the petition must be denied.
HARRIS, C. J., not participating.